RAILEY v. STATE.

Opinion delivered April 19, 1926.

CRIMINAL LAW—COMMENT OF COURT ON EVIDENCE.—Where defendant was charged with contributing to the moral delinquency of two youths at his house, and a witness having opportunity to know, testified that the boys did not go into defendant's house, as testified by them, it was error for the court to remark: "They could have been there, and he (the witness) would not have seen them."

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; reversed.

*Gus Fulk* and *Rogers & Robinson,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McCULLOCH, C. J. Two indictments were returned against appellant by the grand jury of Pulaski County,

each charging him with the statutory offense of contributory delinquency—that is to say, contributing to the moral delinquency of a male child under seventeen years of age. Crawford & Moses' Digest, § 5784. The two cases were tried together, and appellant was convicted under each indictment.

Appellant is unmarried, and resides in the city of Little Rock with his married sister and her family. The two boys to whose delinquency he is alleged to have contributed lived in the same neighborhood with appellant, and the testimony adduced by the State was to the effect that appellant habitually induced these two boys and other lads to visit his room and indulge in certain immoral practices. There were two other indictments against appellant, charging more serious offenses involving immoral conduct with two other boys, but the jury acquitted him of those two offenses.

Appellant testified in his own behalf, and denied that he ever had the boys in his room or that he indulged in any immoralities with the boys or induced them to do so. Members of the household where appellant resided testified that the charge was not true, and that there were no opportunities for such things to occur in the house without being known to other members of the family. Appellant introduced a very large number of citizens who had known him a great many years, and all testified to his good character. Among other witnesses introduced by appellant was a fifteen-year-old boy named Blassingame, who testified that he lived next door to appellant for a considerable period of time, covering the time when the boys testified that these immoralities were going on, and Blassingame mentioned a number of boys who, he said, congregated around appellant's home during the previous year, and he stated that the boys did not go into the house, but played around the premises. The witness was asked directly whether he had ever seen the four boys named in the indictments against appellant around there in the neighborhood of appellant's home, or if he had ever seen them go into the house, and he answered

in the negative. The trial judge at this point interposed the following remark, "They could have been there and he would not have seen them." Appellant objected to the court's remark, and saved exceptions. This incident in the trial is urged as the principal ground for reversal of the judgment. The court did not specifically exclude the evidence, and appellant has not assigned as error the exclusion of the evidence, but the assignment relates to the remark of the court. If the evidence was incompetent, we should treat the remark of the court as an exclusion of it; but, if the evidence of the boy was admissible, then the remark of the court constituted a statement as to the weight of the evidence, and this would be prejudicial and call for a reversal of the judgment. It is unimportant therefore whether or not the court actually excluded the evidence, for in any event, if the evidence was admissible, the remark of the court was erroneous. The evidence was negative in its character, but it was not without probative force. The testimony of witness Blassingame was to the effect that he was in a situation to identify all the boys who played around appellant's house and whether any of them entered the house. The boys testified that all the visits they made to the house of appellant were in the daytime, usually during the afternoon, after school hours, and Blassingame testified that he was about home and saw the boys who were playing around there. He testified that he had never seen either of these boys there who claimed to have had improper relations with appellant. The weight of such testimony is always a question for the jury, but it is not inadmissible because of its negative character. *Keith* v. *State*, 49 Ark. 439; *Ft. Smith & Western Ry. Co.* v. *Messeck*, 96 Ark. 243; 1 Wharton's Crim. Ev. § 382; 1 Wigmore on Evidence, § 664; *Thomas* v. *DeGraffenreid*, 17 Ala. 602; *State* v. *Blair*, 48 Vt. 366.

Prof. Wigmore has this to say on the subject of negative testimony: "But there is no inherent weakness in this kind of knowledge. It rests on the same data of the senses. It may even sometimes be stronger

than affirmative impressions. The only requirement is that the witness should have been so situated that in the ordinary course of events he would have heard or seen the fact had it occurred.''

The action of the court must be treated as prejudicial, for the effect was to exclude this testimony, or at least to discredit it so that the jury did not give it any weight. It was a comment upon the weight of the evidence. The testimony was sharply conflicting, and the testimony of this lad of fifteen years of age, who lived next door to appellant and was acquainted with all the boys who frequented the neighborhood, might have turned the scales in appellant's favor if his testimony had been allowed to go to the jury unimpaired by the discrediting remark made by the trial judge. We cannot say what the verdict would have been if they had given full credit to the testimony of this boy, who said that the lads who testified against appellant were never on the premises.

For this error the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.