RAILEY *v.* STATE.

## Opinion delivered July 11, 1927.

1. CRIMINAL LAW—CONTRIBUTORY DELINQUENCY—TESTIMONY OF
   ACCOMPLICE.—Under Crawford & Moses' Dig., § 3181, a convic-
   tion of contributing to the delinquency of children, which is
   made a misdemeanor by § 5784, may be had on the testimony
   of an accomplice.

2. CRIMINAL LAW—CONCLUSIVENESS OF VERDICT.—The Supreme Court
   will not disturb the verdict of a jury if supported by any legal
   evidence of a substantial character, though contrary to the decided
   preponderance of the evidence.

Appeal from Pulaski Circuit Court, First Division;
*Abner McGehee,* Judge; affirmed.

*Robert L. Rogers* and *Sam Robinson,* for appellant.

*H. W. Applegate,* Attorney General, and *John L.
Carter,* Assistant, for appellee.

HART, C. J. Guy Railey prosecutes this appeal to
reverse a judgment of conviction against him for the
statutory offense of contributory delinquency.

The first assignment of error is that the witnesses
for the State are accomplices, and that there is no cor-
roborating testimony. The defendant was indicted
under § 5784 of Crawford & Moses' Digest, and the stat-
ute makes the offense a misdemeanor. Under § 3181 of
Crawford & Moses' Digest a conviction may be had upon
the testimony of an accomplice. Hence this assignment
of error is not well taken.

A careful consideration of the testimoney leads us
to the conclusion that the defendant is a man of good
character and was not likely to have committed the
crime with which he was charged. It seems to us that
a decided preponderance of the evidence shows that he
was not guilty. Under our rules of practice, however, we
cannot disturb the verdict of a jury if there is any legal
evidence of substantial character to support it. The
testimony of the witnesses for the State warranted the
jury in finding that the defendant was guilty of conduct
towards the children which constituted the statutory
crime, as will appear from our construction of the statute

shown by the opinion on the former appeal, where the judgment was reversed on account of erroneous remarks of the trial court. *Railey* v. *State*, 170 Ark. 979, 282 S. W. 5.

The judgment will be affirmed.